J-S17030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NAFIS ANTUAN FAISON | : | |
| | : | |
| Appellant | : | No. 917 MDA 2020 |

Appeal from the PCRA Order Entered June 9, 2020,
in the Court of Common Pleas of Lycoming County,
Criminal Division at No(s):  CP-41-CR-0000126-2014.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED: July 30, 2021**

Nafis Antuan Faison appeals *pro se* from the order denying as untimely his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows: On December 12, 2013, Faison was the subject of a fugitive warrant, and, upon apprehension, the police found evidence of drugs and paraphernalia, resulting in drug related charges being brought against him.  On January 21, 2015, a jury convicted Faison of drug charges and, on March 25, 2015, the trial court sentenced him to an aggregate term of five to ten years of imprisonment. Faison did not file a direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Faison's appellate rights were later reinstated *nunc pro tunc*, after Faison filed a PCRA petition. On May 17, 2016, this Court affirmed judgment of sentence, and our Supreme Court denied Faison's petition for allowance of appeal on October 25, 2016. **Commonwealth v. Faison**, 151 A.3d 1150 (Pa. Super. 2016), *appeal denied*, 160 A.3d 756 (Pa. 2016). Faison did not seek further review.

Faison filed a *pro se* PCRA petition on December 1, 2016. The PCRA court appointed counsel, and, on May 10, 2017, PCRA counsel filed a motion to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On June 22, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Faison's PCRA petition without a hearing. Faison did not file a response. By order entered July 13, 2017, the PCRA court denied Faison's PCRA petition. Faison filed a timely appeal to this Court. On December 3, 2018, we affirmed the PCRA court's order denying him post-conviction relief. **Commonwealth v. Faison**, 203 A.3d 288 (Pa. Super. 2018) (non-precedential decision).[1]

---

[1] Faison also filed a motion for DNA testing pursuant to Section 9543.1 of the PCRA. We affirmed the PCRA court's denial of this petition on October 31, 2018. **See Commonwealth v. Faison**, 200 A.3d 616 (Pa. Super. 2018) (non-precedential decision).

On May 8, 2020, Faison filed a motion for time credit, which the court treated as a PCRA petition. Although not identified as such in this motion, Faison was apparently seeking time credit for a six-month term of incarceration he served after being found in contempt in 2013 for failing to pay fines and costs at other criminal dockets.

On June 22, 2017, PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Faison's PCRA petition without a hearing, because it was untimely, and Faison did not assert a time-bar exception. Faison did not file a response. By order entered June 9, 2020, the PCRA court dismissed Faison's petition as untimely filed. This *pro se* appeal followed. Both Faison and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Faison claims that the PCRA court erred in finding him ineligible for post-conviction relief. Faison's Brief at 3. This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa. Super. 2012).

Initially, we note that the PCRA court correctly treated Faison's latest filing as a serial PCRA petition. **See Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) (explaining trial court's failure to award credit for time

- 3 -

served challenges the legality of the sentence, which is cognizable under the PCRA). When a petitioner's claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review. ***Commonwealth v. Descardes***, 136 A.3d 493, 503 (Pa. 2016).

Before addressing the merits of Faison's issue, we must first determine whether the PCRA court correctly determined that it lacked jurisdiction because his latest PCRA petition was untimely. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised

before the lower court are waived and cannot be raised for the first time on appeal).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Faison's judgment of sentence became final on January 23, 2017, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13.1. Therefore, Faison had until January 23, 2018, to file a timely PCRA petition. Because Faison filed his second petition in 2020, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Faison has failed to allege let alone prove any exception to the PCRA's time bar. Although a legality of sentencing issue may be raised at any time, this Court must first have jurisdiction over the matter. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007). In other words, a legality of sentencing issue must be raised in a timely filed PCRA petition. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (explaining that, "[a]lthough legality of sentence is always subject to review within the PCRA,

claims must first satisfy the PCRA's time limits or one of the exceptions thereto"). As Faison's latest PCRA petition is patently untimely, we lack jurisdiction to consider his illegal sentencing claim.

In sum, our review of the record supports the PCRA court's conclusion that it lacked jurisdiction to consider Faison's latest PCRA petition because it is untimely, and Faison has not alleged or established a time-bar exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2021